```
             UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Brian Nichols

    v.                                     Civil No. 14-cv-382-LM
                                           Opinion No. 2016 DNH 173

Carolyn W. Colvin, Acting
Commissioner, Social
Security Administration

**O R D E R**

After this matter was remanded to the Social Security Administration ("SSA"), the SSA granted disability insurance benefits ("DIB") to Brian Nichols. Before the court is a motion for attorneys' fees, pursuant to 42 U.S.C. § 406(b), filed by Nichols' counsel. For the reasons that follow, that motion is granted in part.

**I. Background**

In August of 2014, after being denied DIB by the SSA, Nichols entered into a contingent fee agreement with attorney Francis M. Jackson for representation in this court on an appeal from the SSA's adverse decision. In that agreement: (1) Nichols acknowledged that attorney Jackson's services would ordinarily be billed at an hourly rate of more than $350; (2) attorney Jackson agreed to take no fee if he was unsuccessful in securing an award of past-due benefits; and (3) Nichols agreed to pay attorney Jackson "a fee equal to twenty five percent (25%) of

the total amount of any past-due benefits awarded to [him]."
Doc. no. 10-2, at 2.[1]

In September of 2014, two lawyers from Jackson's firm, Karen Fitzmaurice and Penelope Gronbeck, filed: (1) a complaint seeking judicial review of the SSA's decision; (2) a motion for attorney Gronbeck to appear pro hac vice; and (3) a motion to proceed in forma pauperis.  In December, the SSA filed an assented to motion to remand the matter under sentence four of 42 U.S.C. § 405(g), and judgment was entered in Nichols' favor.  Nichols then moved for $615.81 in fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The amount of that request was based upon 2.85 hours of attorney work (billed at $192.39 per hour) and .75 hours of paralegal work (billed at $90 per hour).  The Acting Commissioner stipulated to the motion, and the court granted it.  In an

---

[1] The agreement explains the rationale for the contingent fee this way:

> The parties have agreed to a full twenty five percent, rather than a lesser "reasonable" amount calculated on an hourly basis because the client acknowledges that there is a high risk of failure and resulting non-payment in these cases and that as result the only way the attorney can afford to do these cases is to charge and collect a contingent fee sufficient to not only pay a reasonable fee when he is successful but also sufficient to pay personnel costs and other office overhead expended on those cases where he is unsuccessful and receives no payment.

Doc. no. 10-2, at 3.

affidavit submitted in support of the EAJA fee request, attorney Jackson testified that he represented Nichols in this matter and that he has been paid at "rates of $395.00 or more per hour . . . in Social Security cases by ALJ's." Doc. no. 8-2, at 2.

On remand, Nichols received a favorable decision from the SSA and an award that included $45,514 in past-due benefits. In addition, the SSA approved a payment of $6,000 in attorneys' fees pursuant to 42 U.S.C. § 406(a).[2]

This motion followed. In it, claimant's counsel seeks $5,378.50 in fees, to be paid out of Nichols' award of past-due benefits. The amount counsel seeks, plus the $6,000 already approved by the SSA, minus the EAJA award of $615.81,[3] would bring the attorneys' fees in this case up to $11,378.50, which is 25 percent of the total amount of past-due benefits the SSA awarded to Nichols. Given the 3.6 hours that Nichols' counsel put into this case, the fee he seeks works out to an hourly rate of $1,494.03.

---

[2] Section 406(a) governs fees for representation before the Commissioner of Social Security, while § 406(b), under which the instant motion has been brought, governs fees for representation before the court.

[3] "Fee awards [for representation before the court] may be made under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).

## II. Discussion

Nichols has expressed no opinion on his counsel's motion for fees. The Acting Commissioner, however, has filed a response in which she neither assents nor objects to the amount that counsel requests but, rather, seeks to assist the court in determining whether the fee that Nichols' counsel requests is reasonable. She then goes a step further, proposing two alternative calculations, each of which yields a § 406(b) fee that is significantly lower than the amount counsel requests.

In the discussion that follows, the court begins with the applicable law, and then applies the law to the facts of this case. The Social Security Act provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A).

In Ezekiel v. Astrue, 853 F. Supp. 2d 177 (D. Me. 2012), Judge Hornby was presented with a factual scenario remarkably similar to the circumstances of this case: (1) a remand from the district court secured after claimant's counsel had put in between three and four hours of work; (2) an award of past-due benefits by the SSA; and (3) a request for fees from the award

that would have brought the claimant's attorney's fee to a full 25 percent of the past-due benefits awarded to the claimant. Judge Hornby, however, awarded less than the claimant's counsel had requested. In so doing, he was guided by the U.S. Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

In Gisbrecht, attorneys for three Social Security claimants sought fees, under 42 U.S.C. § 406(b), in amounts that brought their total fees up to 25 percent of their clients' awards of past-due benefits. See 535 U.S. at 797. The Court's key legal ruling was that when considering a request for fees under § 406(b), the starting point for determining the reasonableness of the requested fee is the contingent-fee agreement between the claimant and his or her attorney, rather than the so-called lodestar, i.e., a figure calculated by multiplying the attorney's hourly rate by the number of hours spent on legal work. See id. at 807. However, the Court also observed that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment [from the amount allowed by a contingent-fee agreement] is . . . in order." Id. at 808 (citing Rodriquez v. Bowen, 865 F.2d 739,746 (6th Cir. 1989) (noting that 25 percent contingency fee is "a starting point for the court's analysis . . . [but] not to be viewed as per se reasonable" and that deductions are appropriate in "situations in which counsel would otherwise enjoy a windfall

5

because of either an inordinately large benefit award or from minimal effort expended").

In Ezekiel, Judge Hornby found that a past-due benefit of $49,704 was large, in comparison to the 3.1 hours of work performed by the claimant's counsel to secure the remand that paved the way for the subsequent award of benefits. See 853 F. Supp. 2d at 179; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1172) (C.D. Cal. 2006) ("the $68,097 in past-due benefits Plaintiff recovered is large in comparison to the [16.2 hours of attorney time and 4.7 hours of paralegal time] spent on the case by counsel's office").  As it happens, the claimant's counsel in Ezekiel was attorney Jackson, who also represented Nichols in this case.  That said, in reliance upon Gisbrecht, Judge Hornby awarded a § 406(b) fee of $3,675, rather than the $6,426 requested by the claimant's counsel.  See id. at 181.  He determined the amount of the award by multiplying the 3.1 hours of work identified in the EAJA application by an hourly rate of $395,[4] and then tripling the result of that calculation.  See id. As a result, the fee Judge Hornby awarded amounted to an hourly rate of $1,185.  He explained his decision to triple the lodestar this way:

---

[4] In Ezekiel, attorney Jackson testified, via affidavit, that in at least one Social Security case, an ALJ had approved an hourly rate of $395 for his services.

6

> I take into account that litigating in federal court is generally a more expensive and difficult practice than in state court; that there must be significant profit in successful contingent fee cases so that lawyers can continue that form of practice and so that claimants can find legal representation (representation would often be unavailable without the contingent fee arrangement); and that this lawyer [i.e., attorney Jackson] has been specializing in these cases for many years and has become proficient and efficient.

Id.

In Beaulieu v. Colvin, which involved facts similar to those of this case and Ezekiel, and the same lawyer, Magistrate Judge Rich followed Judge Hornby's approach.  See Beaulieu, No. 1:10-cv-454-GSZ, 2016 WL 675646, at *4 (D. Me. Jan. 28, 2016), R & R affirmed by 2016 WL 659685 (Feb. 18, 2016).  Specifically, he awarded a § 406(b) fee of $5,214, rather than the $26,500 requested by the claimant's counsel.  He determined the amount of the § 405(b) award by multiplying 4.4 hours of legal work by an hourly rate of $395, and then tripling the result of that calculation.[5]

This court is persuaded by Ezekiel and Beaulieu, and adopts the general approach applied in those decisions.  In addition, as in Ezekiel, see 853 F. Supp. 2d at 179, the court draws the

---

[5] The 4.4 hours of legal work in Beaulieu was composed of 3.55 hours of attorney time plus .85 hours of paralegal time that was treated as attorney time.  See 2016 WL 675646, at *1, *3.

7

number of hours of compensable time from the request for fees under the EAJA, to which the Acting Commissioner stipulated, and thus declines to deduct the 1.1 hours that counsel spent on the case before filing the complaint. And, as in Beaulieu, see 2016 WL 675646, at *3, the court treats the .75 hours of paralegal time identified in the EAJA request as attorney time. By applying the foregoing principles to the facts of this case, the court concludes that Nichols' counsel is entitled, under 42 U.S.C. § 406(b), to an award of $4,266, based upon 3.6 hours of work, at $395 per hour, times three.

### III. Conclusion

For the reasons detailed above, claimant's motion for attorneys' fees (doc. no. 10) is granted to the extent that Nichols' counsel is entitled to an award of $4,266 from Nichols' award of past-due benefits, with the proviso that counsel shall remit the EAJA award of $615.81 to Nichols.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 26, 2016

cc: Karen B. Fitzmaurice, Esq.
  Penelope E. Gronbeck, Esq.
  Michael T. McCormack, Esq.